# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

ENEIDA JOHNSON, Individually and on Behalf of All Others Similarly Situated,

   Plaintiff,

vs.

COLLECTION ASSOCIATES, LTD.,

   Defendants.

Case No.: 17-cv-124

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, and 1337. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Eneida Johnson is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant Collection Associates, Ltd. ("CA") is a domestic limited liability company with its principal place of business located at 225 S. Executive Dr., Suite 250 Brookfield, WI 53005.

6. CA is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. CA is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. CA is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

**FACTS**

8. On or about May 11, 2016, CA mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Anesthesiology Assoc Of Wi. S.C." ("AAW"). A copy of this letter is attached to this Complaint as Exhibit A.

9. Upon information and belief, Exhibit A was the first letter CA sent Plaintiff regarding the alleged debt to which the letter refers.

10. Upon information and belief, the alleged debt that CA was attempting to collect by sending Exhibit A to Plaintiff was allegedly incurred for personal, family or household purposes, namely personal medical services.

11. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12. The account number for the alleged debt identified in Exhibit A ends in "7140."

13. Exhibit A seeks to collect a "BALANCE" of "$2340.00."

14. On or about August 9, 2016, CA mailed a debt collection letter to Plaintiff regarding the same alleged account ("7140") owed to AAW as referenced in Exhibit A. A copy of this letter is attached to this Complaint as Exhibit B.

15. Exhibit B seeks to collect a "BALANCE" of "$2369.17."

16. Exhibit B, for the first time, includes a new debt of $29.17 that is not included on Exhibit A.

2

17. When it attempted to collect an additional debt from Plaintiff, 15 U.S.C. § 1692g(a) required CA to send a new written validation notice to Plaintiff. 15 U.S.C. § 1692g(a).

18. <u>Exhibit B</u> does not include the portion of the validation notice specified in 15 U.S.C. § 1692g(a)(3)-(5) for the new alleged debt.

19. Plaintiff did not receive any other written communications from CA containing the 15 U.S.C. § 1692g(a) notice in reference to the $29.17 debt.

20. Failure to provide the notice pursuant to 15 U.S.C. § 1692g(a) is a material violation of the FDCPA. The notice informs the consumer of his or her rights to dispute the debt, and to receive verification of the debt, during which process many debt collection activities must stop. 15 U.S.C. § 1692g(b).

21. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

22. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

23. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

## **COUNT I – FDCPA**

24. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

25. <u>Exhibit B</u>, for the first time, includes a new debt of $29.17 that is not included on <u>Exhibit A</u>.

26. When it attempted to collect an additional debt from Plaintiff, 15 U.S.C. § 1692g(a) required CA to send a new written validation notice to Plaintiff. 15 U.S.C. § 1692g(a).

3

27. Exhibit B does not include the portion of the validation notice specified in 15 U.S.C. § 1692g(a)(3)-(5) for the new alleged debt.

28. Plaintiff did not receive any other written communications from CA containing the 15 U.S.C. § 1692g(a) notice in reference to the $29.17 debt.

29. Failure to provide the notice pursuant to 15 U.S.C. § 1692g(a) is a material violation of the FDCPA. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 (7th Cir. 2016) ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a)"). The notice informs the consumer of his or her rights to dispute the debt, and to receive verification of the debt, during which process many debt collection activities must stop. 15 U.S.C. § 1692g(b).

30. Such conduct violates 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a) and 1692g(b).

## CLASS ALLEGATIONS

31. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent an initial debt collection letter in the form represented by Exhibit A to the complaint in this action, (c) and who were later sent another collection letter in the form represented by Exhibit B to the complaint in this action (d) in which the first and second letters sought to collect the same account, and (e) in which the balance sought in the second letter exceeded the balance sought in the first letter and (f) CA did not provide the 15 U.S.C. § 1692g(a) debt validation notice with the second letter (g) seeking to collect a debt incurred for personal, family or household purposes, (h) between January 26, 2016 and January 26, 2017, inclusive, (i) that was not returned by the postal service.

32. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

33. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibits A, B, or C</u> and Defendants' standardized debt collection procedures violate the FDCPA.

34. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

35. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

36. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

37. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: January 26, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)

5

Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com